UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC ARMSTRONG-HARRIS,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>Defendants. | Case No. 21-cv-07637-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 7 |

This is a pro se action filed by Plaintiff Cedric Armstrong-Harris. Defendant Wells Fargo Bank, N.A.[1] moves to dismiss the complaint. Dkt. No. 7. For the reasons below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.[2]

I.   **BACKGROUND**

Pro se Plaintiff Cedric Armstrong-Harris brings this lawsuit against Defendants Wells Fargo and Specialized Loan Servicing. Plaintiff's complaint alleges the following:

Plaintiff is the fee simple owner of a residential property in Oakland, California. In March 2007, a loan was taken out on the property and issued by World Savings Bank (which was later acquired by Wells Fargo). In June 2021, after Plaintiff could not pay the monthly mortgage due, Specialized Loan Servicing demanded payment of the remaining loan balance under the loan's terms. Around that time (the complaint does not state when), Plaintiff attempted to negotiate a

---

[1] Plaintiff's complaint named Wells Fargo Home Mortgage as a defendant in this action. *See* Dkt. No. 1-1 ("Compl.") at 2. Wells Fargo Bank, N.A., which has entered an appearance in this case, alleges that no entity exists by that name. Dkt. No. 7 at 8 n.1. Accordingly, the Court **ORDERS** the Clerk to terminate Wells Fargo Home Mortgage as a defendant, and add Wells Fargo Bank, N.A. as a defendant.

[2] The Court finds the matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

1    loan modification agreement with Defendants to reduce his monthly mortgage payment, but the

2    parties never entered into an agreement.  Defendants eventually initiated foreclosure proceedings

3    on the property.

4          On July 28, 2021, Plaintiff sued Wells Fargo and Specialized Loan Servicing in Alameda

5    County Superior Court, asserting violations of the Truth in Lending Act ("TILA"), California's

6    Unfair Competition Law ("UCL"), laws related to foreclosure proceedings, breach of contract, and

7    various torts.  The claims arise out of the loan that Plaintiff obtained from World Savings Bank in

8    2007 and the loan modification agreement negotiations he had with Defendants.  After the case

9    was filed in Alameda County Superior Court, Wells Fargo removed it to this Court.  Dkt. No. 1.

10   Wells Fargo now moves to dismiss.  Dkt. No. 7.

## II.    LEGAL STANDARD

### A.    Rule 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  While a complaint need not contain detailed factual allegations, facts pleaded by a plaintiff must be "enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter that, when accepted as true, states a claim that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  While this standard is not a probability requirement, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id.* (internal quotation marks and citation omitted). In determining whether a plaintiff has met this plausibility standard, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the plaintiff.  *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

When a plaintiff is suing multiple defendants, the "complaint must specify exactly what each separate defendant is alleged to have done to cause plaintiff harm."  *Fagbohungbe v.*

*Caltrans*, No. 13-CV-03801-WHO, 2014 WL 644008, at *5 (N.D. Cal. Feb. 19, 2014) (citation omitted); *see also Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (a plaintiff "must allege the basis of his claim against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2), which requires a short and plain statement of the claim to put defendants on sufficient notice of the allegations against them").

A "document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).

### B. Leave to Amend

Leave shall be freely granted by the Court when justice requires. Fed. R. Civ. P. 15(a)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[I]n dismissing for failure to state a claim under Rule 12(b)(6), a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." (internal citation omitted)).

Wells Fargo asks that the Court categorically deny Plaintiff leave to amend any claims that he did not address in his opposition brief. Dkt. No. 24 at 9. Given the lenient pro se standard, the Court declines to adopt this approach. The Court notes that neither case that Wells Fargo cites in support of this proposition involved a pro se party. *See Qureshi v. Countrywide Home Loans, Inc.*, No. 09-CV-04198-SBA, 2010 WL 841669 (N.D. Cal. Mar. 10, 2010); *Tapia Carmona v. Cnty. of San Mateo,* No. 18-CV-05232-LHK, 2019 WL 4345973 (N.D. Cal. Sept. 12, 2019).

### III. DISCUSSION

#### A. UCL (Claims 1 and 7)

"A business act or practice may violate the UCL if it is either 'unlawful,' 'unfair,' or 'fraudulent.' Each of these three adjectives captures 'a separate and distinct theory of liability.'" *Rubio v. Cap. One Bank*, 613 F.3d 1195, 1203 (9th Cir. 2010) (citing *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009)). To adequately plead a UCL claim alleging fraudulent practices, a plaintiff must satisfy the heightened pleading requirements of Rule 9(b). *See Smith v.*

1  *LG Elecs. U.S.A., Inc.*, No. 13-CV-04361 PJH, 2014 WL 989742, at *9 (N.D. Cal. Mar. 11, 2014)
2  (applying heightened 9(b) pleading requirement to UCL fraud claim (citing *Vess v. Ciba-Geigy*
3  *Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003))); *see also Davidson v. Kimberly-Clark Corp.*,
4  873 F.3d 1103, 1110 (9th Cir. 2017) ("To properly plead fraud with particularity under Rule 9(b),
5  'a pleading must identify the who, what, when, where, and how of the misconduct charged, as well
6  as what is false or misleading about the purportedly fraudulent statement, and why it is false.'"
7  (quoting *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011)
8  (internal quotation marks and alterations omitted))).

9  Plaintiff brings his first and seventh claims under the "unlawful" and "fraudulent" prongs,
10 respectively.

### 1. Unlawful Business Practices (Claim 1)

Plaintiff's "unlawful" UCL claim alleges that Wells Fargo's "deceptive business practices" are in violation of the TILA and the Home Owners' Loan Act ("HOLA"), 12 U.S.C. § 1461. Compl. ¶¶ 12, 33.

"The unlawful prong of the UCL 'borrows violations of other laws and treats them as unlawful practices,' which the UCL then 'makes independently actionable.'" *Backhaut v. Apple, Inc.*, 74 F. Supp. 3d 1033, 1050 (N.D. Cal. 2014) (quoting *Cel–Tech Commc'ns., Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999)). "Virtually any law—federal, state or local—can serve as a predicate for an action under [the UCL]." *Smith v. State Farm Mut. Auto. Ins. Co.*, 93 Cal.App.4th 700, 718 (2001).

To the extent Plaintiff's UCL claim is predicated on a TILA violation, it fails because as the Court concludes below, *see infra* Section III.F, the TILA violation is time-barred. *See Jordan v. Paul Fin., LLC*, 745 F. Supp. 2d 1084, 1098 (N.D. Cal. 2010) ("[A]ny claim under the 'unlawful' prong of the UCL cannot use TILA as the predicate violation if the claim is time-barred."). And to the extent Plaintiff's UCL claim is predicated on a violation of HOLA, it fails because it does not allege how the HOLA (and which of its provisions) was violated. *See Stokes v. CitiMortgage, Inc.*, 2014 WL 4359193, at *11 (C.D. Cal. Sept. 3, 2014) ("If a plaintiff cannot state a claim under the predicate law, however, [the UCL] claim also fails." (internal quotation

United States District Court
Northern District of California

marks omitted)). Plaintiff identifies only "Violations of Home Owners Loan Act of 1933, 12 USC 1461 [sic]," which is insufficient.

Plaintiff's first claim is dismissed. Because the Court cannot conclude that amendment would be futile, dismissal is with leave to amend.

### 2. Fraudulent Business Practices (Claim 7)

Plaintiff's seventh claim for fraud under the UCL alleges that Wells Fargo committed the following fraudulent business practices:

> 1) promising homeowners loan modifications that defendants have no intention of actually providing; 2) by routinely issuing NOD's without first complying with the legal requirements of California Civil Code section 2923.5; 3) by repeatedly demanding documentation from borrowers with full knowledge or in reckless disregard of the fact that said documentation had already been provided; 4) by continuing to demand and accept mortgage payments that have in fact foreclosed; 5) by intentionally misleading Plaintiff into believing that a foreclosure had not occurred or that one had been entered in "error".

*Id.* ¶ 59.

Plaintiff plausibly alleges that Wells Fargo engaged in fraudulent business practices against him, including by promising him a loan modification with no intention of actually providing one and intentionally misleading him into believing that a foreclosure had not occurred or was entered in error. This alleges "the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false" under Rule 9(b), *Davidson*, 873 F.3d at 1110, and thus adequately states a claim for fraud under the UCL.

Wells Fargo's motion as to this claim is denied.

### B. Breach of Covenant of Good Faith and Fair Dealing and Breach of Contract (Claims 2 and 5)

Plaintiff brings claims for breach of covenant of good faith and fair dealing and breach of contract based on the breach of terms of a loan modification agreement. Dkt. No. 1-1 ("Compl.") ¶¶ 34-35, 47-52. However, Plaintiff's complaint alleges that the loan modification "agreement was never entered into[.]" Compl. ¶ 19. Thus, Plaintiff's contract-based claims fail as a matter of law because, even as alleged, there was never a contract. *See Carreon v. Cap. Cities/ABC, Inc.*,

111 F.3d 137 (9th Cir. 1997) ("The implied covenant of good faith requires the existence of an express or implied contract."); *Wall St. Network, Ltd. v. New York Times Co.*, 164 Cal. App. 4th 1171, 1178 (2008) ("The standard elements of a claim for breach of contract are: '(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff therefrom.'" (quoting *Regan Roofing Co. v. Superior Court*, 24 Cal. App. 4th 425, 434-435 (1994))).

Plaintiff's second and fifth claims are dismissed. Because the Court concludes that amendment would be futile given what Plaintiff has already pled, dismissal is without leave to amend. *See Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001) ("A plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts." (quotations omitted)).

### C. Slander of Title (Claim 3)

Plaintiff's third claim for slander of title alleges that Wells Fargo has not recorded a Notice of Sale" and that it has "failed to follow the statutory rules for a valid foreclosure." Compl. ¶ 40. "[T]o state a claim for slander of title, Plaintiffs must allege: '1) a publication, 2) which is without privilege or justification, 3) which is false, and 4) which causes direct and immediate pecuniary loss.'" *Mena v. JP Morgan Chase Bank, N.A.*, No. 12-1257 PSG, 2012 WL 3987475, at *4 (N.D. Cal. Sept. 7, 2012) (quoting *Manhattan Loft, LLC v. Mercury Liquors, Inc.*, 173 Cal. App. 4th 1040, 1051 (2009)). Plaintiff fails to adequately plead slander of title because he does not specifically identify a publication, or explain how that publication was without privilege or justification, or was false.

Plaintiff's third claim is dismissed. Because the Court cannot conclude that amendment would be futile, dismissal is with leave to amend.

### D. Alter Ego Liability (Claim 4)

Plaintiff's fourth claim for alter ego liability alleges that "defendants, Wells Fargo Bank, N.A., Wells Fargo Home Mortgage, Wachovia Bank, and World Savings are the alter ego of defendant Wells Fargo Bank, N.A." Compl. ¶ 45.

"To satisfy the alter ego test, a plaintiff must make out a prima facie case (1) that there is

such unity of interest and ownership that the separate personalities of the two entities no longer exist, and (2) that failure to disregard their separate entities would result in fraud or injustice." *Holland v. Related Companies, L.P.*, No. 16-CV-03989-JSW, 2017 WL 11651046, at *5 (N.D. Cal. Mar. 1, 2017) (quoting *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1073 (9th Cir. 2015) (internal quotations, brackets and citations omitted)). "Conclusory allegations of alter ego status are insufficient, and the plaintiff 'must allege specific facts supporting both of the necessary elements.'" *Id.* (quoting *Gerritsen v. Warner Bros. Entertainment, Inc.*, 116 F. Supp. 3d 1104, 1136 (C.D. Cal. 2015)).

Plaintiff fails to adequately plead alter ego liability because he does not allege facts supporting the conclusion that a failure to regard Wachovia Bank, World Savings and Wells Fargo Bank, N.A as separate entities would result in fraud or injustice. *See Ranza*, 793 F.3d at 1073 (quotation omitted). The complaint only addresses Wells Fargo as "Wells Fargo Home Mortgage, Successor by Merger to Wachovia Bank, A/K/A World Savings Bank ('Wells Fargo Bank, N.A.')" and alleges that Wells Fargo Bank, N.A. is the "successor by merger to Wachovia Bank" and that Wells Fargo Bank, N.A. "acquired the Asset and liabilities of World Savings Bank." Compl. ¶ 2.

Plaintiff's fourth claim is dismissed. Because the Court cannot conclude that amendment would be futile, dismissal is with leave to amend.

### E.     Unjust Enrichment (Claim 6)

Plaintiff's sixth claim for unjust enrichment alleges that "[b]y their wrongful acts and omissions, all named defendants have been unjustly enriched at the expense of Plaintiff, and thus Plaintiff have been unjustly deprived." Compl. ¶ 54. California does not recognize unjust enrichment as a claim for relief. *See Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (citing *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (2010)). However, "federal courts have declined dismissal of such a claim for relief on the basis that it may constitute a plausible claim for quasi-contractual relief[.]" *Indian Hills Holdings, LLC v. Frye*, 572 F. Supp. 3d 872, 888 (S.D. Cal. 2021) (citing *Jordan v. Wonderful Citrus Packing LLC*, No. 1:18-CV-00401A WISAB, 2018 WL 4350080, at *3 (E.D. Cal. Sept. 10, 2018)).

1          Even under the permissive view of unjust enrichment claims, Plaintiff fails to sufficiently
2  plead unjust enrichment because he does not allege what benefit Wells Fargo received and how
3  retention of that benefit was unjust and at the expense of another.  *See Baggett v. Hewlett-Packard*
4  *Co.*, 582 F. Supp. 2d 1261, 1270 (C.D. Cal. 2007) ("Under California law, the elements of unjust
5  enrichment are:  (1) receipt of a benefit; and (2) unjust retention of the benefit at the expense of
6  another." (citing *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726 (2000))).
7          Plaintiff's sixth claim is dismissed.  Because the Court cannot conclude that amendment
8  would be futile, dismissal is with leave to amend.

### F.    Predatory Lending and TILA (Claim 8)

In his eighth claim, Plaintiff alleges that the loan he entered into with Wells Fargo in 2007 was a violation of TILA and California's UCL and predatory lending laws.  *See* Compl. ¶¶ 60-65.  However, this claim fails as a matter of law because Plaintiff filed his lawsuit too late.  An action for damages under TILA must be brought within one year from the alleged violation.  *See* 15 U.S.C. § 1640(e); *King v. State of Cal.*, 784 F.2d 910, 915 (9th Cir. 1986) (statute of limitations period runs from "the date of consummation of the transaction").  Likewise, a predatory lending claim must also be brought within a year of the alleged violation.  *See DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1128 (N.D. Cal. 2010) (dismissing predatory lending claim as time-barred where complaint was filed more than one year after alleged violation and observing that "California Code of Civil Procedure § 340 provides a one-year limitation period for [predatory lending] statutes such as §§ 4973 and 4979.6 that do not prescribe a different period").  And UCL claims must be brought within four years of the alleged violation.  *See Pilates Techs., LLC v. Guthy-Renker Corp.*, No. 210CV06401JHNPJWX, 2011 WL 13134310, at *7 (C.D. Cal. Mar. 31, 2011) ("UCL claims are subject to a four-year statute of limitations, which begins to run on the date of accrual of the cause of action, not on the date of discovery.").  Because Plaintiff alleges that he entered into the loan with World Savings Bank in March 2007 and filed this lawsuit in July 2021, his claim is time-barred on its face.

Plaintiff's eighth claim is dismissed.  However, the Court cannot conclude that amendment would be futile because the doctrine of equitable tolling theoretically could toll the limitations

8

period of Plaintiff's claim. *See King*, 784 F.2d at 915 ("[T]he doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action."); *see also Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011) (noting that equitable tolling applies "in situations where, despite all due diligence, the party invoking equitable tolling is unable to obtain vital information bearing on the existence of the claim" (citation and internal quotation marks omitted)); *Goldstein v. Gen. Motors LLC*, 517 F. Supp. 3d 1076, 1091 (S.D. Cal. 2021) (equitable tolling under "the delayed discovery exception" applies to UCL claim if "plaintiff [] specifically plead[s] facts which show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence"); *Kemp v. Wells Fargo Bank, N.A.*, No. 17-CV-01259-MEJ, 2017 WL 4805567, at *13 (N.D. Cal. Oct. 25, 2017) (applying the delayed discovery exception to California predatory-lending claim).

Thus, dismissal is with leave to amend to allege (if Plaintiff can truthfully do so) facts supporting a finding of equitable tolling.

### G.     Declaratory Relief Under California Civil Code Section 2923.5 (Claim 9)

Plaintiff's ninth claim seeks declaratory relief for Defendants' alleged violations of California Civil Code Section 2923.5, which sets forth certain requirements lenders must meet before initiating foreclosure proceedings. *See* Cal. Civ. Code § 2923.5(a), (f)-(h).

This claim fails because it does not seek prospective relief but rather is focused on remedying past wrongs, a purpose inappropriate for declaratory relief. *See Zamora v. Solar*, No. 2:16-CV-01260-ODW-KS, 2016 WL 3512439, at *4 (C.D. Cal. June 27, 2016) ("Declaratory relief is designed to resolve uncertainties or disputes that may result in future litigation. It operates prospectively, and is not intended to redress past wrongs." (citing 28 U.S.C. § 2201)); *see also United States v. Wash.*, 759 F.2d 1353, 1356-57 (9th Cir. 1985) (en banc) ("Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties.").

Plaintiff's ninth claim is dismissed. Because the Court concludes that amendment would be futile, dismissal is without leave to amend.

### H.  Defamation (Claim 10)

Plaintiff's tenth claim for defamation alleges that Wells Fargo made false statements to credit reporting agencies that damaged his credit and reputation. Compl. ¶ 73. "The elements of a defamation claim are (1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damage." *Art of Living Found. v. Does*, No. 10-CV-05022-LHK, 2011 WL 2441898, at *5 (N.D. Cal. June 15, 2011) (citing *Wong v. Jing*, 189 Cal. App. 4th 1354, 1369 (2010)). Plaintiff fails to adequately plead defamation because he does not identify a specific publication, or explain how it was false, defamatory, or unprivileged, and how it had a natural tendency to damage his credit or reputation. While paragraph 73 references "the false statements to the credit reporting agencies as noted above," there is no earlier reference to any statement made to a credit reporting agency, and it is unclear whether Plaintiff may have cut-and-pasted this allegation from some other document.

Plaintiff's tenth claim is dismissed. Because the Court cannot conclude that amendment would be futile, dismissal is with leave to amend, if Plaintiff can truthfully do so based on specific events he personally experienced.

### I.  False Light (Claim 11)

Plaintiff's eleventh claim for false light alleges that Wells Fargo published "aforementioned information to others that showed Plaintiff in a false light." Compl. ¶ 84. "The elements of the tort of false light invasion of privacy are (1) the defendant caused to be generated publicity of the plaintiff that was false or misleading, (2) the publicity was offensive to a reasonable person, and (3) the defendant acted with actual malice." *Cannon v. City of Petaluma*, No. 11-CV-0651 PJH, 2011 WL 3267714, at *3 (N.D. Cal. July 29, 2011) (citing *Fellows v. National Enquirer, Inc.*, 42 Cal. 3d 234, 238-39 (1986)). Plaintiff fails to adequately plead false light because he does not plead facts identifying what "publicity" was communicated, why it was false or misleading, why and how it was offensive to a reasonable person, or how Wells Fargo acted with actual malice.

Plaintiff's eleventh claim is dismissed. Because the Court cannot conclude that amendment would be futile, dismissal is with leave to amend.

### J. Cancellation (Claim 12)

Plaintiff's twelfth claim for cancellation of the deed of trust alleges that "any attempted assignment of the deed of trust is at all times void" because Wells Fargo does not "have standing or the legal authority to assign the deed of trust which purportedly secured the Note; and which served as the basis for a claim to have the right to conduct a non judicial foreclosure." Compl. ¶ 91.

The Court analyzes this claim under Section 3412 because although Plaintiff's claim does not identify a statutory basis for his cancellation claim, California Civil Code Section 3412 provides a basis for such claims. Section 3412 provides that a written instrument may be canceled if there is "a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable." Cal. Civ. Code § 3412.

However, even if brought under Section 3412, Plaintiff's claim fails "because []he has not alleged any grounds under which the deed of trust is void or voidable." *In re Goldman*, No. CV 09-06970-CJC, 2010 WL 11526899, at *2 (C.D. Cal. June 3, 2010).

Plaintiff's twelfth claim is dismissed. Because the Court cannot conclude that amendment would be futile, dismissal is with leave to amend.

### K. Cancellation of a Voidable Contract under Cal. Rev. & Tax Code §§ 23304.1, 23305a, and Cal. Corp. Code § 191(C)(7) (Claim 13)

In his thirteenth claim, Plaintiff brings a claim for cancellation of a voidable contract under Cal. Rev. & Tax Code §§ 23304.1, 23305a, and Cal. Corp. Code § 191(C)(7).

Under Sections 23304.1 and 23305a, a party may seek to void a contract made in California with a corporation or LLC suspended under Section 23301, 23301.5, or 23775. Cal. Rev. & Tax Code §§ 23304.1, 23305a. Section 191(c)(7) of California's Corporations Code does not create a claim for relief, and instead identifies "creating evidences of debt or mortgages" as an activity falling outside of the scope of activities a foreign corporation cannot perform without first obtaining a certificate of qualification from the Secretary of State. Cal. Corp. Code §§ 191(C)(7),

2105(a).

Plaintiff's claim fails to adequately plead a claim for cancellation of a voidable contract. Plaintiff's complaint only alleges the following line: "Plaintiff alleges and incorporates by reference as though set forth fully at this point, each and, every allegation contained in paragraphs 1 through 92." Compl. ¶ 93. It does not plead sufficient allegations that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, let alone that Wells Fargo was suspended at the time Plaintiff entered into his loan in 2007, as required by Sections 23304.1 and 23305a. *See* Cal. Rev. & Tax Code §§ 23304.1, 23305a.

Plaintiff's thirteenth claim is dismissed. Because the Court cannot conclude that amendment would be futile, dismissal is with leave to amend.

### L. Intentional Misrepresentation (Claim 14)

Plaintiff's fourteenth claim for intentional misrepresentation alleges that Wells Fargo "failed to reasonably contact plaintiff and or to reasonably engage plaintiff in an interactive process and or discussion that was designed to reasonable explore with plaintiff; reasonable alternatives that would enable plaintiff to avoid foreclosure and or avoid losing home in foreclosure." Compl. ¶ 95.

"The elements of a cause of action for intentional misrepresentation are (1) a misrepresentation, (2) with knowledge of its falsity, (3) with the intent to induce another's reliance on the misrepresentation, (4) actual and justifiable reliance, and (5) resulting damage." *Daniels v. Select Portfolio Servicing, Inc.*, 246 Cal. App. 4th 1150, 1166 (2016), *disapproved of by Sheen v. Wells Fargo Bank, N.A.*, 12 Cal. 5th 905, 505 P.3d 625 (2022) (citing *Chapman v. Skype Inc.*, 220 Cal. App. 4th 217, 230-231 (2013)). Because an intentional misrepresentation claim sounds in fraud, it must be pled with specificity. *Id.* (quoting *Chapman*, 220 Cal. App. 4th at 231.

Plaintiff fails to adequately plead intentional misrepresentation because he does not allege the "who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Davidson*, 873 F.3d at 1110. For example, Plaintiff does not identify any misrepresentations that Wells Fargo made to

12

1  him, or allege that Wells Fargo knew they were false, that Wells Fargo intended to induce his

2  reliance, that he actually relied on them, or explain how they damaged him.[3]

3  Plaintiff's fourteenth claim is dismissed. Because the Court cannot conclude that

4  amendment would be futile, dismissal is with leave to amend.

## CONCLUSION

For the reasons set forth above, the Court rules as follows:

1.  Wells Fargo's motion is **GRANTED** as to Plaintiff's second, fifth, and ninth claims **WITHOUT LEAVE TO AMEND**.

2.  Wells Fargo's motion is **GRANTED** as to Plaintiff's first, third, fourth, sixth, eighth, tenth, eleventh, twelfth, thirteenth, and fourteenth claims **WITH LEAVE TO AMEND**.

3.  Wells Fargo's motion is **DENIED** as to Plaintiff's seventh claim.

Plaintiff may re-file an amended complaint within twenty-eight (28) days from the date of this order. Leave to amend is granted solely to cure the deficiencies specifically identified in this order. Plaintiff may not add any new claims or new parties without first obtaining Wells Fargo's consent or leave of Court under Federal Rule of Civil Procedure 15. Plaintiff must plead each claim with sufficient specificity to give Wells Fargo notice of the nature of the claims leveled against it. Failure to do so, or failure to otherwise comply with this order, will result in dismissal with prejudice under Rule 41(b) of the Federal Rules of Civil Procedure, meaning that Plaintiff will not be allowed to pursue the dismissed claims any further.

The Court encourages Plaintiff to seek the assistance of the free Legal Help Center operated by the Bar Association of San Francisco. The Legal Help Center sets up appointments to speak with a lawyer for basic legal help, but it does not provide legal representation.

---

[3] It again appears Plaintiff cut-and-pasted this claim from another document. *See* Compl. ¶ 94 (alleging that "plaintiff notified of an extreme economic hardship and that she could not continue to pay the monthly mortgage due"). This also appears to be the case for Plaintiff's opposition brief, as Defendants point out. Dkt. No. 24 at 7-8, 10-11. In any amended complaint or further filings, Plaintiff must tailor his allegations and arguments to *his own* case, and may not rely on cut-and-pasted material that is not based on his personal experience or that addresses arguments Defendants do not make.

Appointments can be scheduled by emailing fedpro@sfbar.org or by calling (415) 782-8982. Plaintiff may also wish to consult the resources available on the Court's website, at https://cand.uscourts.gov/pro-se-litigants/, for people who are representing themselves without a lawyer.

**IT IS SO ORDERED.**

Dated: August 12, 2022

*/s/ Haywood S. Gilliam, Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge