UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC ARMSTRONG-HARRIS,<br><br>    Plaintiff,<br><br>  v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>    Defendants. | Case No. 21-cv-07637-HSG<br><br>**ORDER TO SHOW CAUSE**<br>Re: Dkt. No. 33 |

On September 15, 2022, Defendant filed a motion to dismiss the first amended complaint and motion to strike.  *See* Dkt. No. 33.  Plaintiff's response was due September 29, 2022.  Plaintiff has not filed an opposition or statement of non-opposition, as required by Civil Local Rule 7-3. Defendant filed a notice of Plaintiff's non-opposition on September 30, 2022.

This is the third time the Court has issued an Order to Show Cause why this case should not be dismissed for failure to prosecute.  *See* Dkt. Nos. 16, 20.  Plaintiff has repeatedly failed to meet Court deadlines, and the Court has advised Plaintiff that failure to meet deadlines could result in dismissal of the case without further notice.  *See* Dkt. No. 22.

Federal Rule of Civil Procedure 41(b) provides that where a "plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  A defendant need not file a motion in order for a district court to dismiss a case under Rule 41(b), given the Supreme Court's statement that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs[.]" *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962).

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** why Defendant's Motion to

Dismiss should not be granted, or in the alternative why this case should not be dismissed for failure to prosecute, given Plaintiff's failure to oppose the motion and repeated failure to comply with Court deadlines. Plaintiff is warned that failure to respond to this order to show cause, or any future failure to abide by Court deadlines, may result in dismissal without further notice given his record of noncompliance.

Plaintiff shall file a statement of no more than two pages by October 20, 2022. If Plaintiff wishes to continue with his case, he must also file his opposition or statement of non-opposition by that same date.

**IT IS SO ORDERED.**

Dated: 10/6/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge

2