UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC ARMSTRONG-HARRIS,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>Defendants. | Case No. 21-cv-07637-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 33 |

This is a pro se action filed by Plaintiff Cedric Armstrong-Harris. Defendant Wells Fargo Bank, N.A. moves to dismiss the First Amended Complaint. Dkt. No. 33 ("Mot."). For the reasons below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.[1]

## I. BACKGROUND

Plaintiff brings this lawsuit against Defendants Wells Fargo and Specialized Loan Servicing. *See* Dkt. No. 32 ("FAC"). Plaintiff's amended complaint alleges the following:

Plaintiff is the fee simple owner of a residential property in Oakland, California. *Id.* at 2, 13. In March 2007, a loan was taken out on the property and issued by World Savings Bank, which was later acquired by Wells Fargo. *Id.* at 2. Plaintiff entered into a loan modification agreement with Wells Fargo in January 2015, thinking it would reduce the monthly mortgage payment. *Id.* at 3. In June 2021, Specialized Loan Servicing demanded payment of the remaining loan balance under the loan's terms. *Id.* At some point, Plaintiff attempted to negotiate another loan modification agreement to reduce his monthly mortgage payment, but the parties never

---

[1] The Court finds the matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

entered into an agreement. *Id.* at 7, 15, 16, 19. Defendants eventually initiated foreclosure proceedings on the property. *Id.* at 19, 20–21.

Plaintiff initially sued Wells Fargo and Specialized Loan Servicing in Alameda County Superior Court in July 2021. Dkt. No. 1, ¶ 1, Ex. A. Wells Fargo removed the case to this Court, Dkt. No. 1, and the Court granted in part and denied in part Wells Fargo's motion to dismiss, Dkt. No. 28. Plaintiff filed an amended complaint, bringing causes of action for (1) violations of the UCL under the unlawful prong, (2) slander of title, (3) alter ego liability, (4) violations of the UCL under the fraudulent prong, (5) violation of the Home Ownership Equity Protection Act ("HOEPA"), (6) predatory lending and violations of the Truth in Lending Act ("TILA"), (7) defamation, (8) false light, (9) cancellation (10) cancellation of a voidable contract, and (11) intentional misrepresentation. FAC at 11–23. Defendant now moves to dismiss all claims and to strike the fifth cause of action. *See* Mot. at 1.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While a complaint need not contain detailed factual allegations, facts pleaded by a plaintiff must be "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter that, when accepted as true, states a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While this standard is not a probability requirement, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks and citation omitted). In determining whether a plaintiff has met this plausibility standard, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

A "document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).

### III.     DISCUSSION

#### A.     Fraudulent Business Practices Under the UCL

Plaintiff's claim under the fraudulent prong of the UCL is the only claim that survived the last motion to dismiss. *See* Dkt. No. 28 at 5, 13. Defendant argues that Plaintiff has materially revised this claim, such that it now fails. *See* Mot. at 7–8. But while Plaintiff has relocated the key allegations the Court relied on to a different section of the complaint, for reasons unclear to the Court, they still remain. *See* FAC at 19 (listing alleged fraudulent business practices). Given the liberal standard for pro se pleadings, the Court will not dismiss a claim it already deemed adequately pled just because those allegations are now located elsewhere.[2] Defendant's motion as to this claim is **DENIED**.

#### B.     Home Ownership Equity Protection Act Claim

Wells Fargo moves to strike Plaintiff's fifth cause of action for violation of HOEPA, which was not in the initial complaint, as improperly added. *See* Mot. at 6. The Court explicitly instructed Plaintiff not to add new claims to any amended complaint without Wells Fargo's consent or leave of Court. Dkt. No. 28 at 13. Plaintiff has neither, so the addition of the HOEPA claim is impermissible. Moreover, it appears the claim is time-barred and that Plaintiff has not pled any facts showing his loan qualified for HOEPA protection. Thus, the Court **GRANTS** Defendant's request to strike the HOEPA claim.

#### C.     Time-Barred Claims

In its order on the last motion to dismiss, the Court found Plaintiff's predatory lending and TILA violation claim, as well as the UCL claim predicated on those violations, time-barred. *See*

---

[2] The paragraphs of the complaint are jumbled with nonsequential numbering, but it appears the inclusion of the allegations related to the fraudulent prong of the UCL in the defamation section was inadvertent—the text indicates the allegations should have appeared after a heading. *See* FAC at 19 ("Plaintiff incorporate[s] by reference paragraphs 1 through 56 of this complaint . . . .").

United States District Court
Northern District of California

1   Dkt. No. 28 at 4–5, 8–9. In the amended complaint, Plaintiff has not offered any new allegations
2   that would affect the analysis of the applicable statute of limitations, such as facts supporting
3   equitable tolling, delayed discovery, or due diligence. *See id.* at 8–9; *King v. State of Cal.*, 784
4   F.2d 910, 915 (9th Cir. 1986) ("[T]he doctrine of equitable tolling may, in the appropriate
5   circumstances, suspend the limitations period until the borrower discovers or had reasonable
6   opportunity to discover the fraud or nondisclosures that form the basis of the TILA action.").
7   Thus, the Court incorporates its prior analysis, Dkt. No. 28 at 4–5, 8–9, and **DISMISSES**
8   Plaintiff's predatory lending and TILA claim, as well as the UCL claim to the extent it is
9   predicated on those alleged violations.

10      **D.**    **Remaining Claims**
11  For the remaining claims, Plaintiff has also failed to allege any new facts to address the
12  deficiencies raised in the Court's prior order. Plaintiff has only shuffled several paragraphs
13  around and added politicians' negative comments about Wells Fargo. *See, e.g.*, FAC at 9–10. But
14  the comments do not bear directly on Plaintiff's case, and rearranging allegations is not a fix.
15  Plaintiff has still not identified (1) how HOLA was violated, (2) a publication supporting slander
16  of title, (3) facts supporting alter ego liability; (4) a defamatory publication supporting defamation;
17  (5) a false or misleading publicity and actual malice supporting false light; (6) grounds for why the
18  deed of trust is void or voidable, (7) facts supporting cancellation of a voidable contract; or (8)
19  facts supporting the misrepresentation claim. The Court's prior order described the elements of
20  each claim and explained what key elements were missing, but Plaintiff has not substantively
21  altered his complaint. Thus, the Court incorporates its prior analysis, Dkt. No. 28 at 3–13, and
22  **DISMISSES** Plaintiff's remaining causes of action.

23      **E.**    **Leave to Amend**
24  All dismissed claims are without leave to amend. In its last order, the Court warned
25  Plaintiff that failure to plead each claim with sufficient specificity, or to otherwise comply with its
26  order, would result in dismissal with prejudice. *See* Dkt. No. 28 at 13. But Plaintiff's amended
27  complaint is not substantively different than the first and entirely fails to address the identified
28  deficiencies. Further, the Court warned that Plaintiff (1) could not add claims without consent,

and (2) must tailor his allegations and arguments to his own case and may not rely on cut-and-pasted material that is not based on his own experience or that addresses arguments not made. *Id.* at 13 n.3. Plaintiff did both here. In addition to adding the HOEPA claim without leave, Plaintiff failed to meet his opposition deadline, then filed only a copy of the original opposition he filed in response to the first motion to dismiss. *Compare* Dkt. No. 37 *with* Dkt. No. 23. The opposition again appears to comprise nonresponsive copy-and-pasted arguments.[3] Between the amended complaint and the opposition, Plaintiff has not even hinted at facts that would fix the problems the Court identified last time.

The Court is aware of Plaintiff's pro se status and continues to construe his complaint liberally. However, given Plaintiff's failure to address any of the identified deficiencies in the complaint for a single claim, respond to Wells Fargo's arguments, or follow the Court's instructions, the Court is convinced that further attempt to amend would be futile. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (quotations omitted)); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the Plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (quotations omitted)).

## IV.   CONCLUSION

The Court **DENIES** Defendant's motion as to Plaintiff's claim for violation of the fraud prong of the UCL. The Court **GRANTS** Defendant's motion to strike the HOEPA cause of action. The Court **GRANTS** Defendant's motion to dismiss all remaining claims without leave to

---

[3] Plaintiff did not timely oppose the motion, and the Court issued an order to show cause why the case should not be dismissed for failure to prosecute for the third time in the case. *See* Dkt. Nos. 16, 20, 36. Plaintiff now accuses Defense counsel of conspiring to get his case dismissed for failure to prosecute. *See* Dkt. No. 37 at 6–7; Dkt. No. 38. Primarily, Plaintiff asserts that Defense counsel has failed to send him email notifications. The Court notes that Plaintiff may create a PACER account and sign up to e-file documents, which would allow him to receive and review filings immediately on any computer. Instructions for self-registration for pro se litigants can be found at https://cand.uscourts.gov/cases-e-filing/cm-ecf/setting-up-my-account/e-filing-self-registration-instructions-for-pro-se-litigants/.

amend.  The Court further **SETS** a telephonic case management conference on May 2, 2023, at 2:00 p.m.  All counsel shall use the following dial-in information to access the call:

Dial-In: 888-808-6929;

Passcode: 6064255

For call clarity, parties shall NOT use speaker phone or earpieces for these calls, and where at all possible, parties shall use landlines.  All attorneys and pro se litigants appearing for a telephonic case management conference are required to dial in at least 15 minutes before the hearing to check in with the CRD.  The Court **DIRECTS** the parties to meet and confer and submit a joint case management statement, or separate statements, by April 25, 2023.  The parties should be prepared to discuss how to move this case forward efficiently.

The Court encourages Plaintiff to seek the assistance of the free Legal Help Center operated by the Bar Association of San Francisco.  The Legal Help Center sets up appointments to speak with a lawyer for basic legal help, but does not provide legal representation.  Appointments can be scheduled by emailing fedpro@sfbar.org or by calling (415) 782-8982.  Plaintiff may wish to consult resources available on the Court's website, at https://cand.uscourts.gov/pro-se-litigants/, for people who are representing themselves without a lawyer.

**IT IS SO ORDERED.**

Dated:  4/11/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge