UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC ARMSTRONG-HARRIS,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>Defendants. | Case No. 21-cv-07637-HSG<br><br>**ORDER DISMISSING CASE WITH PREJUDICE** |

On May 2, 2023, pro se Plaintiff Cedric Armstrong-Harris failed to appear at the case management conference set by the Court in its order on Wells Fargo's motion to dismiss. Plaintiff did not file a case management statement as required, and Defendant represented that Plaintiff did not respond to attempts to meet and confer. *See* Dkt. No. 44 at 1. Plaintiff has consistently missed deadlines and failed to follow the Court's instructions. For the reasons below, the Court **DISMISSES WITH PREJUDICE** for failure to prosecute.

I.  DISCUSSION

The district court may dismiss a case for failure to prosecute or for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962). "Despite this authority, dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (citations omitted); *see also* Fed. R. Civ. P. 41(b) (stating that dismissal for failure to prosecute "operates as an adjudication on the merits" unless the order says otherwise).

Courts must weigh five factors in determining whether to dismiss a case for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *See Ferdik*, 963 F.2d at 1260–61. A court need not make "explicit findings in order to show that it has considered these factors," although such findings are preferred. *Id.* at 1261. Here, the Court considers each factor in turn, and finds that they weigh in favor of dismissal.

First, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). That is true here. Over the course of the case, the Court has had to issue three separate orders to show cause why the case should not be dismissed for failure to prosecute, resulting in repeated delays. *See* Dkt. No. 16 (vacating case management conference); Dkt. No. 20; Dkt. No. 22 (continuing motion to dismiss hearing); Dkt. No. 36; *see also* Dkt. No. 29 (order to show cause regarding service). The Court finds that Plaintiff's ongoing lack of responsiveness contravenes the "public's interest in expeditious resolution of litigation." *See Pagtalunan*, 291 F.3d at 642. This factor weighs in favor of dismissal.

Second, it is "incumbent" upon courts "to manage [their] docket[s] without being subject to routine noncompliance" of litigants. *See id.* (citing *Ferdik*, 963 F.2d at 1261). Moreover, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id.* Here, Plaintiff has demonstrated routine noncompliance. Not only has Plaintiff repeatedly failed to meet deadlines or respond to Defendant's motions, but Plaintiff also has failed to follow the Court's instructions in filings. *See, e.g.*, Dkt. No. 43 at 4–5 (noting Plaintiff added new claims and relied on nonresponsive cut-and-pasted material in contravention of the Court's orders). Plaintiff's noncompliance "has consumed some of the court's time that could have been devoted to other cases on the docket." *See Pagtalunan*, 291 F.3d at 642. This factor therefore weighs in favor of dismissal.

Third, in order to prove prejudice, "a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision

of the case." *Id.* (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)). "Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." *Malone*, 833 F.2d at 131 (citation omitted). In *Malone*, which involved a Rule 41(b) dismissal for failure to comply with a court order, the district court found the plaintiff's excuse for her failure to comply with a pretrial order to be "groundless," justifying dismissal. *Id.* And in *Yourish*, which also involved plaintiffs who failed to obey a court order, the court concluded that the defendants had suffered "sufficient prejudice" where the plaintiffs had only a "paltry excuse" for why they failed to timely amend their complaint. 191 F.3d at 991–92.

Here, although Plaintiff's initial excuse in January 2022 of having COVID-19 may have warranted some delay, *see* Dkt. No. 17, Plaintiff's excuses for subsequent failures to comply are both "paltry" and "groundless." After the Court's second order to show cause, Plaintiff provided no explanation and stated only "I . . . affirm my intensions to proceed . . . ." *See* Dkt. No. 21. In a communication nearly seven months ago, before the Court issued its most recent dismissal order, Plaintiff accused defense counsel of a conspiracy to get the case dismissed. *See* Dkt. No. 37. There is no basis for this serious accusation, particularly given Plaintiff's most recent failure to file a case management statement or appear at the case management conference, notice of which was served by first class mail to the address he provided to the Court. *See* Dkt. No. 43. Plaintiff has admitted he previously received service by Defendant via mail. *See* Dkt. No. 28 ¶ 1 ("I did not receive an instant email notification. Instead, my copy was sent via U.S. Mail which was not actually reviewed until days later."). And Plaintiff has not communicated with the Court, in any capacity, since filing a document styled as a "formal request to meet and confer to facilitate a mutually agreeable ADR process" nearly six months ago. Dkt. No. 41. This factor weighs in favor of dismissal.

Fourth, the Court has attempted to use less drastic alternatives that have proven ineffective. The Court has entered multiple orders to show cause, offered extensions, and expressly warned Plaintiff that his case was at risk of dismissal for failure to prosecute. *See* Dkt. Nos. 16, 18, 20, 22, 36. The Court has also urged Plaintiff to seek help from the pro se help desk and advised him

that he can register for e-filing.  *See* Dkt. No. 43 at 5 n.3, 6.  This factor thus weighs in favor of dismissal.  *See Ferdik*, 963 F.2d at 1262 (stating that Ninth Circuit authority "suggest[s] that a district court's warning to a party that his [or her] failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement").

Last, because "[p]ublic policy favors disposition of cases on the merits . . . this factor weighs against dismissal."  *See Pagtalunan*, 291 F.3d at 643.  This is true here, where Plaintiff would be precluded from litigating his claims due to his failure to prosecute.

Because four of the five factors weigh in favor of dismissal, the Court finds that dismissal of Plaintiff's case for failure to prosecute is appropriate.

## II. CONCLUSION

For the foregoing reasons, Plaintiff's action is **DISMISSED WITH PREJUDICE**.  The Clerk is directed to enter judgment in Defendants' favor and against Plaintiff and close the case.

**IT IS SO ORDERED.**

Dated:   May 4, 2023

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

4